# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ALVARO ARAIZA,                                    Case No. 06-CR-0185(3) (PJS/FLN)

        Petitioner,

v.                                                                    ORDER

UNITED STATES OF AMERICA,

        Defendant.

---

Alvaro Araiza, petitioner pro se.

On February 20, 2007, the Court sentenced defendant Alvaro Araiza to seventy months' imprisonment. The Court entered judgment on February 23, 2007. Docket No. 99. Araiza did not appeal from that judgment.

Araiza now brings a motion for a "sentencing adjustment." Docket No. 103. In his motion, Araiza argues that the Court should reduce his sentence by six months to account for the fact that, as a deportable alien, Araiza is not eligible to have his sentence reduced as a reward for completing a drug-treatment program and, unlike other inmates, cannot be released to a halfway house to serve the last portion of his sentence. Although Araiza does not identify the legal grounds for his motion, the Court construes it to be a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Araiza's motion must be denied as untimely. A motion under § 2255 must be brought within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of

the United States is removed, if the movant was prevented from
making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by
the Supreme Court, if that right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on
collateral review; or

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2255(f).

Araiza does not contend that he fits within the circumstances described in subparagraphs
(2), (3), or (4). The only way Araiza's motion could be timely, then, is if it was brought within
one year of the date on which Araiza's judgment of conviction became final. As noted, Araiza's
judgment of conviction was entered on February 23, 2007. Because Araiza did not file a notice
of appeal, his conviction became final on March 9, 2007, when the ten-day period for filing a
notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A), 26(a)(2); *Anjulo-Lopez v. United
States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008).

Araiza filed his motion on June 26, 2009, more than two years after his conviction
became final. His motion is therefore denied as untimely. Because the untimeliness of Araiza's
motion is not debatable, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c)(1)(B),
(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (when a district court dismisses a habeas
petition on procedural grounds, a certificate of appealability should not issue unless reasonable
jurists would find it debatable whether the procedural ruling was correct).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY ORDERED that:

1.      Defendant Alvaro Araiza's motion for sentencing adjustment [Docket No. 103] is

DENIED.

2.      No certificate of appealability will issue.


Dated: July 14, 2009                 s/Patrick J. Schiltz              
                                             Patrick J. Schiltz
                                             United States District Judge